## RICHARD H. OSWALD CO. v. LEADER et al.

### No. 9793.

District Court, E. D. of Pennsylvania.
Sept. 23, 1937.

Frank Rogers Donahue and Donahue, Irwin, Merritt & Gest, all of Philadelphia, Pa., for plaintiff.

M. Herbert Syme, of Philadelphia, Pa., for defendant.

MARIS, District Judge (after stating the facts as above).

■ In this case, as in every such case, it must be borne in mind that this court is a court of strictly limited jurisdiction. Unlike the state court of common pleas, our jurisdiction must be spelled out of some act of Congress, and, if a case, however meritorious, is brought here which does not come within the statutory jurisdiction conferred upon us, we must, of necessity, refuse to take jurisdiction of it.

■ Now, this case is brought here, the contention of the plaintiff being that we have jurisdiction under the Sherman Anti-Trust Act (15 U.S.C.A. § 1 et seq.) and Clayton Act (38 Stat. 730 [15 U.S.C.A. § 12 et seq.; 29 U.S.C.A. § 52]), in that these defendants constitute a combination or conspiracy in restraint of interstate trade and commerce.

As to that, I am satisfied from the evidence that the acts here of these defendants have not restrained interstate commerce, because it seems clear to me that this property was withdrawn from interstate commerce by the plaintiff, itself, before the defendants' acts took place. In other words, on May 13, this manufacturing plant, which admittedly was engaged in interstate commerce prior thereto, was closed down, not by the defendants, but by the plaintiff, and has remained closed ever since.

At that time, I find that the officers of the plaintiff contemplated liquidation, which they later carried through by passing formal resolutions to liquidate the company.

It appears that there are no stocks of fully manufactured goods on the premises which are capable of being sold, and everything it has must be sold at liquidation sale, to wit, its real estate, if it has any, and its machinery and equipment, and its unfinished or raw materials.

There is no competent evidence in the case, as I see it, that any of these items may or will be sold in interstate commerce. For that reason, it seems to me that this case is not ruled by Apex Hosiery Company v. Leader (C.C.A.) 90 F.(2d) 155, because in that case there was no liquidation or closing of the plant by the plaintiff, whereas in this case there has been a definite determination by the plaintiff to withdraw its plant and its product from the course of interstate commerce to which it had theretofore been subjected.

■ ·That, therefore, would seem to be enough to show that the court has no jurisdiction. However, I think it only fair to consider the provisions of the Norris-LaGuardia Act (29 U.S.C.A. § 101 et seq.), which also limits the jurisdiction of this court to grant injunctions in labor disputes.

I find that unlawful acts, namely, violation of the Pennsylvania criminal statutes against unlawful detainer (18 P.S.Pa. § 512), have been committed and are being committed at this plant.

However, I do not think that there was any competent evidence to establish the fact that irreparable injury to the plaintiff company has been committed. There was no evidence of any destruction of property or of anything other than an unlawful detainer, which, it seems to me, is compensable in damages, and, therefore, does not indicate an irreparable injury such as would require the extraordinary remedy of an injunction.

It may be a serious question whether the plaintiff has not an adequate remedy at law. While there are a number of persons in the plant—there are approximately 48 or 50—the plaintiff had no difficulty in serving all of them, or substantially all of them, with the bill in this case, and it may well be that an action of ejectment may furnish an adequate remedy.

I do not find that the public officers charged with the duty of protecting the plaintiff's property are unable to or unwilling to furnish adequate protection.

I find, further, that the plaintiff's officers in this case did fail to make every reasonable effort to settle this dispute here by negotiation, or with the aid of any government machinery of mediation or voluntary arbitration.

For these reasons, and because it appears that the court has no jurisdiction to entertain the suit, the plaintiff's motion for a temporary injunction is denied and an exception allowed to the plaintiff.